JOURNAL ENTRY AND OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Local Rule 25, the record from the Bedford Municipal Court, the briefs and the oral arguments of counsel. The court found defendant Randall Woolfork guilty of one count of theft by deception after defendant accepted money for snowplowing services but failed to render those services. The issues on appeal are whether the conviction is supported by sufficient evidence and whether the court abused its discretion by finding defendant in contempt of a court order that prohibited him from engaging in snowplow services for two years.
Defendant first argues the state presented insufficient evidence to sustain a conviction for theft by deception. He argues the evidence only shows that he failed to meet his contractual obligations due to either equipment difficulties or poor business judgment. He maintains neither of these causes is sufficient to establish the requisite intent to commit a theft offense.
R.C. 2913.02(A)(3) provides that no person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services by deception. As relevant to this appeal, the word deprive is defined in R.C. 2913.01(C)(3) as [a]ccept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return therefor, and without reasonable justification or excuse for not giving proper consideration.
An argument that challenges the legal sufficiency of the evidence is tested by viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, and deciding as a matter of law whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307, 319.
The evidence showed that defendant operated a snowplowing service and solicited customers with flyers. The complaining witness testified that he received a flyer and contacted defendant by telephone. They agreed on a price and the complaining witness paid the full contract price in advance, even though defendant only requested half the $125 contract price as a downpayment. Defendant agreed that he would place color-tipped stakes in the complaining witness' driveway as a means of identifying that property as one of his clients. The complaining witness said defendant did not place the stakes, nor did he plow snow as required under the contract. The complaining witness further testified that he drove around his neighborhood and noticed that other homeowners with defendant's stakes did not have their driveways plowed. The complaining witness said several telephone calls and two letters to defendant went unanswered. The complaining witness then brought a small claims breach of contract action against defendant. On the day of the small claims trial, defendant made full restitution of the contract price.
Defendant testified and admitted that he did not plow the complaining witness' driveway, but confirmed that he made full restitution on the breached contract. Defendant knew he placed stakes around the complaining witness' driveway because he had a specific recollection of the driveway's unusual configuration. Defendant testified that he used four different trucks in his business and these vehicles were ordinarily capable of handling his three hundred customers. However, heavy snow fell throughout a week when some of those trucks broke down. Defendant submitted into evidence a letter he sent to all his customers informing them of his situation and that we were doing what we could to make restitution or to fix our problem. Thirty to forty customers canceled at that point, and defendant tried to make restitution with them.
This conviction must be vacated because the evidence does not show that defendant intended to deprive the complaining witness of his property in a culpable manner. Simply put, this is a contract, not a criminal case. The civil law provides adequate remedies for breached contracts, and it appears that the complaining witness fully availed himself of the civil courts to obtain full restitution.
The city supports the conviction on grounds that defendant's intent to commit theft could be inferred because he could not possibly have hoped to serve his three hundred customers with only four snow removal vehicles. But this argument goes to business judgment, not criminal culpability. Suppose there had been a mild winter, with no snow to plow. Would it be criminal for defendant to operate his business with the same four trucks sitting idle? Of course, not. Defendant made a calculated business decision and a poor one at that. But bad business judgment, without more, is not a crime. It might be a different story if defendant had taken the money and run without serving any customers. But the city did not show this to be the case. Because the city failed to show defendant acted with the necessary intent to commit a crime, we sustain the first assignment of error and vacate the conviction.
The second assignment of error complains the court abused its discretion by finding defendant in violation of a court order prohibiting him from from engaging in snow removal for two years. Although we have serious questions about the court's decision to proceed with a criminal contempt hearing when defendant could not locate his attorney, we find this assignment of error mooted by the disposition of the first assignment of error. See App.R. 12(A)(1)(c).
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. ANNE L. KILBANE, J., CONCUR.
 ____________________________________ JOHN T. PATTON, PRESIDING JUDGE